IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| STEPHEN ADDERLEY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 2:21cv 349 |
| ) | |
| MARINE HYDRAULICS INTERNATIONAL, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff Stephen Adderley, Sr., and for his Complaint against Defendant Marine Hydraulics International, LLC, alleges and says as follows:

### PARTIES

1. Plaintiff is a citizen and resident of Virginia Beach, Virginia.

2. Defendant Marine Hydraulics International, LLC, ("MHI") is a Virginia limited liability company based in Norfolk. Upon information and belief, its members are residents of Virginia.

3. At all times relevant herein, MHI was an employer, and Plaintiff was an employee of MHI, as those terms are defined in 42 U.S.C. § 2000e.

### JURISDICTION AND VENUE

4. This is an action for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1991, as amended, and 42 U.S.C. § 1981.

5. This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5.

6. A substantial part of the events and omissions giving rise to Plaintiff's claims

occurred in this district, and MHI's unlawful employment practices were committed in this district. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(e) and (f).

7. Plaintiff filed a Charge of Discrimination against MHI for the unlawful employment practices set forth herein with the U.S. Equal Employment Opportunity Commission and did so within the required time limits specified by law and regulation. Plaintiff received a notice of right to sue from the EEOC and instituted this action within ninety days of his receipt of said notice. Plaintiff has satisfied all pre-filing requirements for his Title VII claims pursuant to 42 U.S.C. § 2000e-5.

## FACTUAL ALLEGATIONS

8. Plaintiff is an African-American male. Plaintiff was an employee of MHI from July 31, 2017, until his termination in violation of Federal law on March 20, 2020.

9. MHI is in the ship repair industry and operates a ship repair facility in Norfolk. MHI employed Plaintiff as an outside machinist to perform ship repair work.

10. In May 2018, Plaintiff was assigned to work under lead man Rodney Vaughn (White Male) aboard the USS San Antonio. Plaintiff told Vaughn that parts were missing that prevented completion of an engine project. Vaughn signed off on the work as being complete anyway, knowing it was not complete, without Plaintiff's knowledge.

11. MHI assigned Plaintiff to a different ship in October 2018. Vaughn was replaced as lead man on the San Antonio by John Thompson (WM). Thompson was the lead man when the parts were finally obtained, was responsible to complete the project, and knew the project had not been completed when Vaughn had signed off on it.

12. Ed Brinson (WM) was the supervisor for both Vaughn and Thompson. Brinson

knew the parts were not available to complete the project when Vaughn signed off on it, was responsible for supervising Thompson, and knew that the parts necessary to complete the work came in when Thompson was the lead man for and Plaintiff was no longer assigned to the San Antonio.

13. MHI's failure to complete the project damaged the engine, causing a casualty for the vessel and financial loss to the U.S. Navy. The Government penalized MHI $500,000 for its performance failures.

14. Production Manager Charlie Griffin (WM), in charge of all of the work on San Antonio, decided to fire Plaintiff on March 20, 2020, though he knew Plaintiff was not to blame for MHI's defective performance and falsification of work records to the Government.

15. Griffin knew that Vaughn had signed off on the work, that Thompson and Brinson knew the project had not been completed when Vaughn said it had been, and that all of them were responsible for the failure.

16. Brinson admitted to Plaintiff that he knew Plaintiff was not responsible for the errors on the San Antonio.

17. Griffin and MHI ignored the evidence and fired Plaintiff instead of White supervisors.

18. Supervisor Frank Baldwin, Brinson's supervisor, admitted that the termination was wrong, as he could see from the records that Plaintiff could not have been responsible.

19. MHI ignored its progressive discipline policy in firing Plaintiff.

20. MHI provided post-hoc reasons to the EEOC for its discriminatory actions, in response to Plaintiff's EEOC Charge, that it never relied upon when it terminated Plaintiff.

21. Plaintiff was meeting the legitimate expectations of MHI when he suffered the

discrimination described above. He had received periodic pay raises throughout his employment and a promotion. Plaintiff suffered the discriminatory treatment described above because of his race.

22. MHI terminated Plaintiff because of his race.

23. Upon information and belief, similarly situated white employees have not been terminated for defective performance and record falsification committed by others.

24. MHI took no disciplinary action against Vaughn, Thompson, or Brinson, all White, for the defective performance and record falsification they were responsible for on San Antonio for which MHI fired Plaintiff.

25. At all times relevant herein, Griffin was acting within the course and scope of his employment with and in the service of MHI.

26. After MHI fired Plaintiff, Plaintiff secured a temporary position with another shipyard employer through a staffing company. In August and early September 2020, MHI contacted the employer and told it Plaintiff had filed a charge of discrimination against MHI in an attempt to jeopardize Plaintiff's permanent employment with the employer.

27. MHI's retaliation resulted in Plaintiff losing permanent employment opportunities with the employer.

28. Upon information and belief, MHI interfered with Plaintiff's other employment opportunities with Epsilon and General Dynamics by telling both that Plaintiff had pursued his federally protected rights against MHI in order to deprive Plaintiff of employment with those entities.

29. MHI's conduct evinced a reckless and callous indifference to the federally protected rights of Plaintiff. MHI knew or showed reckless disregard for the matter of whether

discriminatory employment actions such as termination based on race and retaliation because of a complaint of race discrimination violated Federal law, and it acted in the face of a perceived risk that its actions would violate Federal law.

30. Plaintiff has been damaged as the result of MHI's discrimination and retaliation. He has been denied employment opportunities, suffered past and future lost wages and benefits, and suffered emotional pain and suffering.

**COUNT ONE – DISPARATE TREATMENT IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981**

31. The allegations in paragraphs 1 through 30 above are incorporated by reference as if fully set forth herein.

32. Plaintiff is within the protected class under Title VII and Section 1981.

33. Plaintiff suffered an adverse employment action by being terminated.

34. Plaintiff was meeting the legitimate expectations of MHI when MHI subjected him to race discrimination.

35. White employees of MHI were treated better than was Plaintiff.

36. MHI discriminated against Plaintiff based on his race, Black.

37. In the alternative, Plaintiff's race was a motivating factor in MHI's termination of Plaintiff, even if other factors also motivated its actions.

38. MHI knew or showed reckless disregard for the matter of whether its conduct was prohibited by law.

39. Plaintiff has been damaged from MHI's race discrimination.

**COUNT TWO – RETALIATION IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981**

40. The allegations in paragraphs 1 through 39 above are incorporated by reference as

if fully set forth herein.

41. Plaintiff engaged in protected activity by filing an EEOC Charge against the misconduct of MHI as set forth in this Complaint.

42. With knowledge of the protected activity, and while the EEOC Charge was pending, MHI retaliated against Plaintiff for that protected activity by interfering with his employment opportunities with other employers.

43. MHI knew or showed reckless disregard for the matter of whether its conduct was prohibited by law.

44. Plaintiff has been damaged by MHI's retaliatory conduct.

WHEREFORE, Plaintiff respectfully prays the Court:

1. That Plaintiff be awarded back pay and benefits from MHI;

2. That Plaintiff be reinstated to his position by MHI, or in the alternative, be awarded front pay from MHI;

3. That Plaintiff be awarded compensatory and punitive damages from MHI;

4. That Plaintiff be awarded prejudgment interest on all damages;

5. That Plaintiff recover attorney fees and costs from MHI;

6. For a declaration that MHI violated Title VII;

7. For an injunction prohibiting MHI from violating Plaintiff's civil rights following his reinstatement;

8. For a trial by jury on all issues so triable; and,

9. For such other and further relief as the Court may deem just and proper.

This the 24th day of June, 2021.

STEPHEN ADDERLEY, SR.

          /s/
        Counsel

James R. Theuer (VSB #68712)
JAMES R. THEUER, PLLC
555 E. Main St., Suite 1212
Norfolk, VA 23510
Tel: (757) 446-8047
Fax: (757) 446-8048
jim@theuerlaw.com
*Counsel for Plaintiff Stephen Adderley, Jr.*